# PALMER *v.* LENOVITZ.

CRIMINAL LAW; STATUTES; DISORDERLY HOUSES; POLICE COURT; CONSTITUTIONAL LAW.

1. A crime and its punishment can be separated and distinguished by the legislature. One statute may create an offense and another provide for its punishment. What may not have been an infamous crime at common law may by statute be made such; and in determining whether a crime is infamous, the penalty the law imposes must be looked to.

2. While the keeping of a disorderly house was a misdemeanor at common law, punishable by jail imprisonment, the effect of sec. 1, D. C. Code (31 Stat. at L. 1189, chap. 854), continuing the common law in force in this District, except in so far as it is inconsistent with the Code, and of sec. 910 (31 Stat. at L. 1337, chap. 854), making all criminal offenses not covered by the Code and Federal statutes not locally inapplicable punishable by imprisonment in the penitentiary, is to make that offense infamous in this District, and, as such, not within the jurisdiction of the police court, under secs. 43 and 934 (31 Stat. at L. 1196, 1341, chap. 854).

3. A penalty of a fine not exceeding $1,000, or imprisonment for not more than five years, or both, imposed upon one keeping a disorderly house, is not so severe as to come within the inhibition of the Federal Constitution.

No. 2112.   Submitted April 5, 1910.   Decided May 26, 1910.

HEARING on an appeal by the respondent, the marshal of the United States for the District of Columbia, from an order sustaining a demurrer to his return to a petition for the writ of habeas corpus, and, the respondent refusing to plead over, discharging the petitioner from the custody of the respondent.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

In the police court of the District of Columbia, appellee, Benjamin Lenovitz, was convicted by a jury of the crime of keeping a disorderly house. He was sentenced to confinement in jail for the term of six months, and to pay a fine of $300. After his commitment to the marshal, he sued out a writ of habeas corpus in the supreme court of the District. To the return of the marshal the petitioner demurred. On hearing, the demurrer was sustained, and, the respondent refusing to plead, an order was issued discharging the appellee from the custody of the marshal. From this order, the respondent has brought the case here on appeal.

*Mr. Daniel W. Baker,* United States Attorney for the District of Columbia, and *Mr. R. Sprigg Perry* and *Mr. R. S. Huidekoper,* Assistants, for the appellant.

*Mr. T. Percy Myers* and *Mr. Emory H. Bogley* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The only question presented which merits consideration is whether the crime charged is one within the jurisdiction of the police court. Keeping a disorderly house is not a statutory crime in this District. It is, however, a common-law offense. By sec. 1 of the Code [31 Stat. at L. 1189, chap. 854], the common law and all British statutes in force in Maryland on February 27, 1801, are continued in force, "except in so far as the same are inconsistent with, or are replaced by, some provision of this Code." It is conceded that the offense here charged is a common-law offense, and must be prosecuted as such in this District.

The jurisdiction of the police court is defined in sec. 43 of the Code as follows:

"Sec. 43. Jurisdiction.—The said court shall have original

jurisdiction concurrently with the supreme court of the District, except where otherwise expressly herein provided, of all crimes and offenses committed in the said District, not capital or otherwise infamous, and not punishable by imprisonment in the penitentiary, except libel, conspiracy, and violation of the post-office and pension laws of the United States; and also of all offenses against municipal ordinances and regulations in force in the District of Columbia. The said court shall also have power to examine and commit or hold to bail, either for trial or further examination, in all cases, whether cognizable therein or in the supreme court of the District."

The provisions of this section, so far as this inquiry is concerned, do not change, in effect, the terms of the acts of Congress conferring jurisdiction upon the police court prior to the adoption of the Code. D. C., Rev. Stat. sec. 1049; D. C. Comp. Stat. 478.

By sec. 934 of the Code [31 Stat. at L. 1341, chap. 854], the police court is given jurisdiction in all criminal offenses where "the maximum punishment is a fine only, or imprisonment for one year or less." The same section provides: "Where the sentence is imprisonment for more than one year, it shall be in the penitentiary. * * * The prosecution shall be in the supreme court of the District." It thus appears that the jurisdiction of the police court is fully defined by statute. It is insisted by counsel for the United States that sec. 934 relates only to the "place of imprisonment," and cannot affect the jurisdiction of the police court with reference to this offense. It therefore follows, according to this contention, that, since the crime of keeping a disorderly house was a misdemeanor at common law, punishable by imprisonment in jail, in the discretion of the court, it must be so prosecuted and punished here, and is, therefore, within the jurisdiction of the police court. If this statute stood alone, we could find no fault with this contention. The question would be answered by the case of *United States* v. *Marshall,* 6 Mackey, 34; but when that decision was rendered, there was no law fixing the penalty for common-law offenses in this District; hence, the penalty at common law attached. But

sec. 910 of the Code has since been enacted, which, we think, fixes the penalty, and is controlling in this case. It provides as follows:

"Sec. 910. Punishment for Offenses Not Covered by Provisions of Code.—Whoever shall be convicted of any criminal offense not covered by the provisions of any section of this Code, or of any general law of the United States not locally inapplicable in the District of Columbia, shall be punished by a fine not exceeding $1,000 or by imprisonment for not more than five years, or both."

As we have observed, there is no statute specifically creating or defining the crime of keeping a disorderly house in this District. The keeping of a disorderly house was an indictable misdemeanor at common law. It, therefore, follows that it is a crime here under sec. 1 of the Code. If the question of penalty were left open, we would have no difficulty in holding the offense, as in the instance of keeping a bawdyhouse in the *Marshall Case,* a misdemeanor and within the jurisdiction of the police court. But as this is only made a crime by virtue of a provision of the statute continuing in force the common law, the other provisions of the Code having reference to it must be relatively considered. The crime and the punishment can be separated and distinguished by the legislature. One statute may create an offense, and another provide for its punishment. What may not have been an infamous crime at common law, may, by statute, be made such. In determining whether a crime is infamous, we must look to the penalty the law imposes. Hence, though the crime of keeping a disorderly house may not have been an infamous crime at common law, it is within the power of Congress to impose a penalty that will make it such in the District of Columbia. The keeping of a disorderly house is a "criminal offense not covered by the provisions of any section" of the Code. When prosecuted as a common-law offense and a conviction is secured, the penalty, we think, is clearly established by the provisions of sec. 910, supra. This makes the offense one punishable by imprisonment for more than one year. It is therefore an offense punishable by imprisonment in

the penitentiary, and is exclusively within the jurisdiction of the supreme court of the District.

With the policy of Congress in bringing certain common-law misdemeanors within the severe provisions of this section of the Code, we are not concerned. It may well be that there should be further legislation with respect to this subject, but that is with Congress, and not the courts. The inconvenience and delay in securing indictments by a grand jury, and the hardship imposed upon those awaiting trial, are all matters which it must be assumed were considered by Congress. The penalty imposed is not so severe as to come within the inhibition of the Constitution, and nothing remains but to enforce the law as clearly defined.

The judgment is affirmed, with costs, and it is so ordered.

*Affirmed.*